MATTER OF MILLARD

In Exclusion Proceedings

A-10728749

*Decided by Board May 14, 1965*

The special inquiry officer has authority in exclusion proceedings, in the exercise of discretion, to grant waivers of inadmissibility pursuant to sections 212(g) and (h), Immigration and Nationality Act, as amended, to a native and citizen of Mexico who is in possession of an otherwise valid visa and who qualifies for such relief. [*Matter of DeF*—, 8 I. & N. Dec. 68, and *Matter of DeG*—, 8 I. & N. Dec. 325, distinguished.]

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Admits having committed crime involving moral turpitude, perjury.

Act of 1952—Section 212(a)(12) [8 U.S.C. 1182(a)(12)]—Engaged in prostitution.

Act of 1952—Section 212(a)(19) [8 U.S.C. 1182(a)(19)]—Procured visa or other documentation by willfully misrepresenting a material fact.

The case comes forward pursuant to certification by the special inquiry officer of his order dated March 19, 1965 ordering that the applicant be granted a waiver under sections 212(g) and 212(h) of the Immigration and Nationality Act of the grounds of her excludability under section 212(a)(12) as an alien who engaged in prostitution and under section 212(a)(9) as an alien who has admitted having committed a crime involving moral turpitude, to wit, perjury, and under section 212(a)(19) as an alien who has procured a visa or other documentation by fraud or by willfully misrepresenting a material fact, and further ordering that the applicant be admitted to the United States as a nonquota immigrant.

The record relates to a native and citizen of Mexico, 30 years old, female, married, who arrived at the port of El Paso, Texas on December 7, 1964 in possession of a nonquota immigrant visa issued to the applicant on December 2, 1964 at the American Consulate, Juarez, Mexico.

The special inquiry officer has set forth the facts in detail. The record establishes that the applicant practiced prostitution in Juarez, Mexico from May until October 1959 voluntarily to support herself and her three young children; that she obtained a nonimmigrant local border crossing card at Laredo, Texas during the year of 1960 by concealing from the immigration officers that she had only the year before practiced prostitution in Juarez, Mexico, and was aware that she would have been refused a local border crossing card if she had revealed such activity since she had been denied such a document the previous year in El Paso, Texas in October 1959 for the same reason. She also concealed the practice of prostitution when she executed an application for a nonquota immigrant visa at the American Consulate on December 2, 1964. Concealment of the practice of prostitution was material to the issuance of the nonquota immigrant visa and also to the issuance of the nonimmigrant local border crossing card. Excludability under section 212(a)(19) of the Immigration and Nationality Act as an alien who has procured a visa or other documentation by willfully misrepresenting a material fact; under section 212(a)(9) as an alien who has admitted having committed a crime involving moral turpitude, to wit, perjury in connection with the oath for the application for an immigrant visa on December 2, 1964 before the American Consul in Juarez, Mexico; and under section 212(a)(12) as an alien who has engaged in prostitution, is established by the evidence of record.

The applicant executed an application for a waiver under sections 212(g) and 212(h) of the Immigration and Nationality Act of the aforesaid grounds of her inadmissibility to the United States. The applicant was married on April 9, 1960 to a United States citizen, her first marriage having been terminated by a divorce decree rendered in Mexico on January 22, 1959. Three children, who are the issue of the first marriage, are lawful permanent residents of the United States and two children, who are the issue of the second marriage, are citizens of the United States. The evidence establishes that the exclusion of the applicant from the United States would result in extreme hardship to her United States citizen husband, her two United States citizen children and her three resident alien children. The evidence establishes that the applicant has not practiced prostitution since October 1959 and has completely rehabilitated herself since she met her husband and their present relationship is a happy and stable one. A report of investigation conducted by the Service contains no derogatory information. There has been no evidence that the presence of the applicant in the United States would be contrary to the national welfare, safety or security of this country.

176

The evidence establishes that the applicant is eligible for a waiver under sections 212(g) and 212(h) of the Act. Such a waiver has been granted *nunc pro tunc* in deportation proceedings to cure a ground of inadmissibility existing at the time of entry.[1] The basis for the certification of the decision of the special inquiry officer apparently rests upon the holdings in *Matter of DeF—*, 8 I. & N. Dec. 68, and *Matter of DeG—*, 8 I. & N. Dec. 325. The former case held that aliens within the United States who are ineligible for preexamination cannot be granted advance waivers of inadmissibility under sections 5 and 7 of the Act of September 11, 1957 while they remain in the United States and that natives and citizens of contiguous territory to whom preexamination procedures are inapplicable, must depart and apply for waivers at the time they make applications to enter the United States from their native country. The latter case involved the issue whether the Board had power to grant discretionary relief under sections .5 and 7. of the Act of September 11, 1957 (P.L. 85–316) to authorize the advance waiver of certain grounds which prevented the issuance of visas and which barred entry into the United States. The Attorney General held that advance waivers of inadmissibility under sections 5 and 7 of the Act of September 11, 1957 were not authorized to facilitate future admission of aliens ordered excluded and disposition of waiver requests must await return to foreign territory and compliance with the procedure established by 8 CFR 212.7(a).[2]

Here the applicant is actually in possession of a nonquota immigrant visa, an entrant alien seeking admission to the United States. If the waivers of sections 212(g) and (h) are exercised, no further action is required. Section 236(a) of the Immigration and Nationality Act authorizes a special inquiry officer to conduct a hearing and to determine whether an arriving alien who has been detained for further inquiry under section 235 shall be allowed to enter or shall be excluded and deported. The applicable regulation, 8 CFR 236.1, provides that special inquiry officers shall have the powers and authority conferred upon them by the Act and this chapter, and subject to any specific limitation prescribed by the Act and this chapter, special inquiry officers shall also exercise the discretionary authority conferred upon the Attorney General by the Act as it is appropriate and necessary for the disposition of such cases.

---

[1] *Matter of P—*, 7 I. & N. Dec. 713.

[2] Sections 5 and 7 of the Act of September 11, 1957 have been codified into the Immigration and Nationality Act of 1952 of sections 212(g) and 212(h) by the Act of September 26, 1961 (P.L. 87–301).

In the present case the exercise of discretionary relief pursuant to sections 212(g) and 212(h) of the Immigration and Nationality Act will effectively eliminate the grounds of inadmissibility and will concurrently render the visa valid.[3] The instant case differs in its facts from *Matter of DeF—*, and *Matter of DeG—, supra*. The former case involved an alien within the United States who was ineligible for preexamination and was required to depart and apply for a waiver at the time of making application for a visa. In the latter case there were involved a number of aliens who were physically present in the United States and were required to leave to obtain visas so that they might rejoin their families in the United States and it was held that advance waiver request must await return to foreign territory and compliance with procedure established by 8 CFR 212.7(a). The order of the special inquiry officer will be approved.

ORDER: It is ordered that the order of the special inquiry officer dated March 19, 1965 granting the applicant waivers under sections 212(g) and 212(h) of the Immigration and Nationality Act and ordering the applicant admitted to the United States as a nonquota immigrant be and the same is hereby approved.

---

[3] Compare *Matter of G—*, 8 I. & N. Dec. 249.