**Israel ZAMORA–RIOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74389.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2007.

Filed May 22, 2007.

Carol A. Dvorkin, Esq., San Jose, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Keith Bernstein, Michelle G. Latour, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERGUSON, REINHARDT, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Israel Zamora–Rios, a citizen of Mexico, entered the United States without inspection in November 1990. He was convicted of domestic violence offenses under Cal.Penal Code § 273.5(a) in 1994 and 2000. In January 2001, the former Immigration and Naturalization Service commenced removal proceedings on the basis of his illegal entry. *See* INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).[1]

Zamora–Rios applied for cancellation of removal pursuant to INA § 240A(b), 8 U.S.C. § 1229b(b), and requested a waiver

of inadmissibility under INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B). The immigration judge ("IJ") pretermitted his application for cancellation of removal on the basis that his domestic violence convictions statutorily precluded him from establishing that: (1) he was a person of good moral character, required by INA § 240A(b)(1)(B), 8 U.S.C. § 1229b(b)(1)(B); and (2) he had not been convicted of an offense under INA § 237(a)(2), 8 U.S.C. § 1227(a)(2), required by INA § 240A(b)(1)(C), 8 U.S.C. § 1229b(b)(1)(C). The IJ ruled that a waiver of inadmissibility under INA § 212(h) could not cure Zamora–Rios's statutory ineligibility for a cancellation of removal. She therefore denied his application and ordered him removed. The Board of Immigration Appeals ("BIA") affirmed.

## I.

■ The IJ ruled that Zamora–Rios was statutorily ineligible for a finding of good moral character under § 240A(b)(1)(B), 8 U.S.C. § 1229b(b)(1)(B). INA § 101(f)(3) precludes a finding of good moral character for any person described in § 212(a)(2), which includes a noncitizen convicted of a "crime involving moral turpitude." 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i)(I). Zamora–Rios does not dispute that his domestic violence offenses constitute crimes of moral turpitude, but he maintains that, pursuant to INA § 212(h), 8 U.S.C. § 1182(h), the IJ could have waived the applicability of INA § 212(a)(2). The IJ acknowledged, "Should respondent be granted a waiver under [INA § ] 212(h) ... respondent would not be inadmissible under Section 212(a)(2)(A)(i)(I)," but she decided he still

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Notice to Appear did not include any charges based on the domestic violence convictions.

could not establish good moral character because he remained a "person[ ] described under Section 212(a)(2), whether inadmissible or not." She reasoned that, because INA § 101(f)(3), includes the phrase "whether inadmissible or not," Congress must not have intended for § 212(h) waivers to cure statutory ineligibility for cancellation of removal.

In *In re Garcia–Hernandez*, 23 I. & N. Dec. 590, 593 (BIA 2003), where a respondent was eligible for an exception to § 212(a)(2), the BIA ruled, "We find [the] alien is not within the class of aliens described in section 212(a)(2)(A)...." The agency explained, where INA § 212(a)(2)(A) does not apply, a noncitizen "cannot be considered, on the basis of his [Cal.Penal Code § 273.5(a) ] conviction alone, an alien 'described in' section 212(a)(2)(A) of the Act for purposes of the good moral character definition in section 101(f)(3)." *Id.; see also Matter of Alarcon*, 20 I. & N. Dec. 557, 559–60, 563 (BIA 1992) (ruling that grant of § 212(h) waiver can cure moral turpitude bar to adjustment of status). The BIA ruled that "the 'whether inadmissible or not' language in section 101(f)(3), properly understood, does not show that the ... exception is inapplicable." *Garcia–Hernandez*, 23 I. & N. Dec. at 593 n. 2 (citing *In re M-*, 7 I. & N. Dec. 147 (BIA 1956)) (explaining legislative history of relevant phrase). Therefore, if granted, a waiver under § 212(h) could have cured statutory ineligibility for a finding of good moral character.

We conclude that the IJ erred in ruling that Zamora–Rios was statutorily precluded from relief under § 240A(b)(1)(B). However, as explained below, this error is not dispositive because the IJ correctly concluded that Zamora–Rios was barred from relief pursuant to § 240A(b)(1)(C).

## II.

■ INA § 240A(b)(1)(C), 8 U.S.C. § 1229b(b)(1)(C), permits cancellation of removal only if an applicant "has not been convicted of an offense under [INA §§ 212(a)(2), 237(a)(2), or 237(a)(3).]" Because the IJ addressed only the applicability of INA § 237(a)(2)(E)(i), this court addresses only that issue. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (stating that court considers only the grounds relied upon by the agency).

INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), provides that any noncitizen convicted of a crime of domestic violence is deportable. INA § 212(h) provides no relief from the application of § 237. *See* 8 U.S.C. § 1182(h) ("The Attorney General may ... waive the application of subparagraphs (A)(i)(I), (B), (D), and (E) of subsection (a)(2) of *this* section.") (emphasis added). No other waiver applies in this case. Therefore, § 237(a)(2)(E)(i) creates a statutory bar to cancellation of removal for Zamora–Rios.

Pursuant to § 240A(b)(1)(C), the IJ was correct in finding Zamora–Rios ineligible for cancellation of removal.

## III.

■ Zamora–Rios asserts that the case currently before the panel raises a novel legal issue not controlled by existing precedent and that the BIA erred in issuing a summary affirmance. *See* 8 C.F.R. § 1003.1(e)(4)(i)(A). As discussed above, the IJ ruled that Zamora–Rios was statutorily ineligible for cancellation of removal under INA § 240A(b)(1)(C) because he had been convicted of a domestic violence offense listed under § 237(a)(2)(E)(i). Applying the plain language of the INA, it is clear that Zamora–Rios is barred from relief. While there may be no Ninth Circuit opinion on this issue, that is only

because its resolution is obvious from the statute. It "do[es] not involve the application of precedent to a novel factual situation." 8 C.F.R. § 1003.1(e)(4)(i)(A). Therefore, the BIA did not err in issuing a summary affirmance.

The petition is DENIED.