## Matter of Rumonat Iyabode ANIFOWOSHE, Beneficiary of a visa petition filed by Abayomi M. Fakunle, Petitioner

File A98 902 585 - South Portland, Maine

*Decided January 31, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien child who was adopted under the age of 18, and whose natural sibling was subsequently adopted by the same adoptive parent or parents while under the age of 16, may qualify as a "child" within the meaning of section 101(b)(1)(E) of the Immigration and Nationality Act, 8 U.S.C.A. § 1101(b)(1)(E) (West 2008), even if the child's adoption preceded that of the younger sibling.

FOR PETITIONER: Irena I. Karpinski, Esquire, Washington, D.C.

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jason Raphael, Associate Regional Counsel

BEFORE: Board Panel: PAULEY, Board Member; LIPPMAN and MANN, Temporary Board Members.

MANN, Temporary Board Member:

This is an appeal from a March 14, 2007, decision of the Field Office ("FO") director of the United States Citizenship and Immigration Services ("USCIS") denying the visa petition filed by the petitioner on behalf of the beneficiary as his adopted child. The appeal will be sustained and the record will be remanded to the FO director.

The beneficiary was adopted on May 1, 2002, when she was 17 years of age. On May 29, 2003, the petitioner and his wife adopted the beneficiary's natural siblings, who were then under 16 years of age. The FO director denied the petition, finding that section 101(b)(1)(E) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(E) (1994), had been amended by the Act of Dec. 7, 1999, Pub. L. No. 106-139, 113 Stat. 1696, "to provide that an adopted alien child who is under the age of eighteen may be considered a 'child' as defined in the Act, if the child is adopted with or after a natural sibling who is also considered a 'child' under the Act."

We concur with the petitioner's argument on appeal that there is no statutory or regulatory provision requiring that the beneficiary be adopted at the same time or after a natural sibling.  Section 1 of the Act of Dec. 7, 1999, provides in pertinent part as follows:

> PROVIDING THAT AN ADOPTED ALIEN WHO IS LESS THAN 18 YEARS OF AGE MAY BE CONSIDERED A CHILD UNDER THE IMMIGRATION AND NATIONALITY ACT IF ADOPTED WITH OR AFTER A SIBLING WHO IS A CHILD UNDER SUCH ACT.
>
> (a) IN GENERAL.—Section 101(b)(1) of the Immigration and Nationality Act (8 U.S.C. 1101(b)(1)) is amended—
>
> (1) in subparagraph (E)—
>
> (A) by inserting "(i)" after "(E)";  and
>
> (B) by adding at the end the following:
>
> "(ii) subject to the same proviso as in clause (i), a child who:  (I) is a natural sibling of a child described in clause (i) or subparagraph (F)(i); (II) was adopted by the adoptive parent or parents of the sibling described in such clause or subparagraph;  and (III) is otherwise described in clause (i), except that the child was adopted while under the age of 18 years . . . ."

Sec. 1, 113 Stat. at 1696.

On appeal, the USCIS counsel cites to a 1999 memorandum advising field offices of the Immigration and Naturalization Service ("INS") (now the Department of Homeland Security ("DHS")) that section 1 amended the Act to provide that an adopted alien child who is under the age of 18 may be considered a "child" as defined in the Act, if the child is adopted with or after a sibling who is also considered a "child" under the Act.  Memorandum from Michael Cronin, Acting Assoc. Comm'r, Office of Programs, to INS Officials (Dec. 28, 1999).  However, we have held that decisions and internal memoranda issued by the INS or DHS are not binding authority on the Board. *See Matter of Briones*, 24 I&N Dec. 355, 365 n.7 (BIA 2007); *Matter of Tijam*, 22 I&N Dec. 408, 416 (BIA 1998).

Moreover, while the title of the Act of Dec. 7, 1999, would seem to support the FO director's decision, the United States Supreme Court has held that the title of a statute cannot limit the plain meaning of the text and is to be used for interpretive purposes only when it sheds light on some ambiguous word or phrase.  *See INS v. St. Cyr*, 533 U.S. 289, 308-09 (2001); *Carter v. United States*, 530 U.S. 255, 267 (2000); *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 212 (1998); *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R. Co.,* 331 U.S. 519, 528-29 (1947).

The statute we now consider contains no ambiguous term or phrase.  Neither the title nor the text of the law currently codified at section 101(b)(1)(E)(ii) of the Act, 8 U.S.C.A. § 1101(b)(1)(E)(ii) (West 2008), contains the "with or

after" restriction in the title to the Act of Dec. 7, 1999. Section 101(b)(1) of the Act provides in pertinent part as follows:

> The term "child" means an unmarried person under twenty-one years of age who is—
>
> . . .
>
> (E)(i) a child adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years or if the child has been battered or subject to extreme cruelty by the adopting parent or by a family member of the adopting parent residing in the same household: Provided, That no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter; or
>
> (ii) subject to the same proviso as in clause (i), a child who: (I) is a natural sibling of a child described in clause (i) or subparagraph (F)(i);[1] (II) was adopted by the adoptive parent or parents of the sibling described in such clause or subparagraph; and (III) is otherwise described in clause (i), except that the child was adopted while under the age of 18 years . . . .

"We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). When the language of the statute is plain, legislative history is irrelevant. *See, e.g.*, *United States v. Gonzales*, 520 U.S. 1, 6 (1997). In this case, however, we find that the legislative history supports the plain language of the statute.

According to the House Judiciary Committee Report, the stated purpose of the bill, H.R. 2886, 106th Cong. (1999), was to maintain family unity by allowing "an alien child age 16 or 17 to qualify as an immediate relative child if the U.S. citizen adoptive parents have also adopted a sibling of that child who is under the age of 16." H.R. Rep. No. 106-383 (1999); s*ee also* 145 Cong. Rec. H10136-02 (1999) (statement of Rep. Lamar Smith) ("The bill . . . would allow minor orphaned siblings to stay together when being adopted by U.S. citizens. The bill would allow a 16 or 17-year-old child to qualify as an immediate relative child if the U.S. citizen parents have also adopted a sibling of that child who is under the age of 16. This bill thus would achieve the goal of maintaining family unity . . . ."); 145 Cong. Rec. S12931-04 (1999) (statement of Sen. Hatch) ("The intent of this bill is to allow immigrant orphan siblings to stay together when being adopted by U.S. citizens. . . . This bill would allow U.S. citizens to adopt immigrant children ages 16-17 if the adoption would keep a group of siblings together."). Thus, the primary goal of the statutory revision was to preserve family unity.

---

[1] Subparagraph (F)(i) includes a child who is under the age of 16 at the time a petition is filed on his or her behalf and who is an orphan or falls within other specified circumstances.

To the extent that any statements in the legislative history might conflict with the unambiguous meaning of the statute, the statute must prevail. *See Matter of Lemus*, 24 I&N Dec. 373, 379-80 n.6 (BIA 2007) (citing *U.S. Dep't of Treasury v. Fabe*, 508 U.S. 491, 506-07 (1993) (rejecting a petitioner's citation to a single statement in a House of Representatives report because it was "at odds" with the statute's plain language)). While Congress apparently assumed that younger siblings would be adopted before, or at the same time as, an adoption of an older sibling, the sequence by which older and younger siblings are adopted is not material to the goal of the legislation and is not reflected in its language. We find no clear intent by Congress to impose the restriction that the adoption of the older sibling must occur with or after the adoption of a natural sibling who is also considered a child under the Act.

We also note that there are no Federal regulations that further address this particular issue. Consequently, we agree with the petitioner that although the beneficiary was adopted prior to her siblings, she is not disqualified on this basis under section 101(b)(1)(E)(ii) of the Act.

The FO director denied the petition solely on the basis discussed above and did not address whether the petitioner fulfilled the other requirements for approval of the petition, including establishing a valid stepparent relationship and the requisite periods of residence and legal custody for adoption. Because we do not engage in fact-finding in the course of deciding appeals, we find that it is appropriate to remand the record for further consideration of the visa petition. 8 C.F.R. § 1003.1(d)(3)(iv) (2007).

**ORDER:** The petitioner's appeal is sustained.

**FURTHER ORDER:** The decision of the Field Office director is vacated, and the record is remanded for further consideration of the visa petition in accordance with the foregoing opinion.