# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 09-4135

RAJENDRA BARMA,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A089-622-822

ARGUED SEPTEMBER 20, 2010—DECIDED APRIL 5, 2011

Before EASTERBROOK, *Chief Judge*, and POSNER and
ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge.*   Petitioner Rajendra Barma
was admitted as a visitor to the United States from
Canada, with authorization to remain in the United
States for six months. He overstayed his visa and con-
tinued to reside in the United States for more than half
of his life. During that time, he was convicted of a

number of crimes under Wisconsin state law. In October 1994, he was convicted of possession of drug paraphernalia. Two years later, he was convicted of criminal damage to property in La Crosse County Circuit Court in La Crosse, Wisconsin, and in 2007 he was again convicted of criminal damage to property concerning the same 1996 incident, this time in Dane County Circuit Court in Madison, Wisconsin. Finally, in 2008 he was convicted of two more offenses: lewd and lascivious behavior-exposure, and theft of movable property less than or equal to $2500. He does not contest the validity of those Wisconsin state law convictions.

On March 26, 2009, the Department of Homeland Security (DHS) served Barma with a Notice to Appear, charging him with being subject to removal under three independent grounds: (1) as an alien present in the United States who unlawfully remained longer than permitted, 8 U.S.C. § 1227(a)(1)(B); (2) as an alien convicted of two or more crimes involving moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(ii); and (3) as an alien convicted of an offense relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana, 8 U.S.C. § 1227(a)(2)(B)(I).

Barma admitted that he was subject to removal for remaining in the United States longer than permitted as a visitor, but denied that the other grounds of removal applied to him. He maintained that his convictions were not for crimes involving moral turpitude. In addition, he argued that his conviction for possession of

drug paraphernalia could not be a ground of removal because it was equivalent to a conviction for possession of 30 grams or less of marijuana for personal use, which is exempted as a ground of removal. As support for that argument, Barma pointed to our decision in *Escobar Barraza v. Mukasey*, 519 F.3d 388, 392 (7th Cir. 2008), which held that paraphernalia designed for use with personal-possession quantities of marijuana relates to the drug, and the implied quantity is under 30 grams, thus falling within the same provision as possession of under 30 grams of the drug itself.

The Immigration Judge (IJ) found that Barma was subject to removal on the two grounds: (1) that he remained in the United States longer than permitted as a visitor, and (2) that he was convicted of an offense relating to a controlled substance other than possession of marijuana of less than 30 grams. The IJ held that Barma was not removable under 8 U.S.C. § 1227(a)(2)(A)(ii) because, although the IJ viewed the theft conviction as a crime involving moral turpitude, the IJ held that the convictions for lewd and lascivious behavior, criminal damage to property, and possession of drug paraphernalia were not crimes involving moral turpitude.

The IJ then addressed Barma's request for relief in the form of cancellation of removal under 8 U.S.C. § 1229b. In order to be eligible for cancellation of removal, Barma must demonstrate: (1) that he has been physically present in the United States for a continuous period of at least 10 years immediately preceding the application date; (2) that he has been a person of good moral

character during that time; (3) *that he has not been convicted of an offense under 8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3), subject to paragraph 5*; and (4) that removal would result in exceptional and extremely unusual hardship to his parents, spouse, or children who are citizens or permanent residents. 8 U.S.C. § 1229b(b)(11). The IJ held that Barma failed to meet the third prong of that test. The IJ held that Barma's conviction for theft was an offense under 8 U.S.C. § 1182(a)(2) and therefore rendered him ineligible for cancellation of removal. The IJ further stated that Barma's conviction for drug paraphernalia arguably would render him ineligible as an offense under §1182(a)(2) as well.

The Board of Immigration Appeals (BIA) upheld the determination, albeit on different reasoning. Rather than address the theft conviction, the BIA rested its decision on Barma's conviction for possession of drug paraphernalia. The BIA held that the drug paraphernalia conviction was a conviction under § 1182(a)(2)(A), which includes any conviction "relating to a controlled substance." Accordingly, the BIA held that Barma did not qualify for cancellation of removal because he was convicted of an offense under § 1182(a)(2). Although Barma argued that he should be allowed to waive that disqualifying offense under § 1182(h), the BIA rejected that contention because the cancellation of removal statute did not incorporate the § 1182(h) waiver. Barma now appeals those decisions to this court. Where, as here, the BIA agrees with the IJ's decision but supplements that decision with its own explanation for rejecting the appeal, we review the IJ's decision as sup-

plemented by the BIA's reasoning. *Juarez v. Holder*, 599 F.3d 560, 564 (7th Cir. 2010).

Barma argues on appeal that the IJ erred in holding that the drug paraphernalia conviction rendered him removable under 8 U.S.C. § 1227(a)(2)(B)(I). We need not address that contention, however, because Barma does not contest that he is removable under a different provision. Barma concedes that he unlawfully remained in this country longer than permitted and therefore was removable under 8 U.S.C. § 1227(a)(1)(B). The only issue for this appeal, then, is whether the IJ and the BIA erred in determining that he was not eligible for cancellation of removal.

Barma contends that neither the theft nor the drug paraphernalia conviction should prevent him from obtaining cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). In relevant part, that statute provides that the Attorney General may cancel removal if the alien:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5) [a domestic violence waiver]; and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United

States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

In ascertaining the meaning of a statute, we begin with the plain language. *Negusie v. Holder*, ___ U.S. ___, 129 S.Ct. 1159, 1178 (2009); *Lamie v. U.S. Trustee,* 540 U.S. 526, 534 (2004). The plain language of § 1229b(b)(1)(C) renders Barma ineligible for cancellation of removal. Section 1229b(b)(1)(C) states that cancellation is available only if an alien "has not been convicted of an offense under section 1182(a)(2). . . ." Turning to § 1182(a)(2), it is captioned "Conviction of certain crimes" and includes a crime involving moral turpitude, § 1182(a)(2)(A)(i)(I), and "a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . ." Barma's conviction for possession of drug paraphernalia is a violation of a law "relating to a controlled substance." Accordingly, Barma is ineligible for cancellation of removal based upon that conviction.

Barma attempts to avoid the impact of that plain language by arguing that we should not limit our consideration to § 1182(a)(2), but should also look to subsection (h) of § 1182 which provides that the Attorney General may, in his discretion, waive the application of § 1182(a)(2) "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana . . . ." Barma reasons that his drug paraphernalia conviction is comparable to an offense for simple possession of

30 grams or less of marijuana, and therefore potentially subject to that waiver by the Attorney General. See *Barraza*, 519 F.3d at 392 (holding that offense for possession of drug paraphernalia designed for use with personal-possession quantities of marijuana is an offense relating to possession of 30 grams or less of marijuana under statute). He concludes that he should have been allowed to seek such a waiver, and if he obtained it, then the conviction would not fall within § 1182 and therefore would not operate to bar cancellation of removal.

With the array of statutory sections involved, some context may be helpful. Section 1182 addresses the issue of inadmissibility, which concerns whether aliens outside of the United States are allowed to enter. Section 1182(a) specifies classes of aliens ineligible for visas or admission, and its subsection 1182(a)(2) sets forth criminal grounds for inadmissibility, including crimes of moral turpitude and violations relating to a controlled substance. Section 1182(h) grants the Attorney General the discretion to waive the applicability of that statute insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana. The intersection with the cancellation of removal provision here comes from the reference to offenses under § 1182(a)(2) in the cancellation of removal provision. Barma argues that in referencing § 1182, the cancellation of removal provision requires consideration of all of § 1182, including the waiver provision in § 1182(h).

The problem with that argument is that the cancellation of removal provision does not reference § 1182 as a

whole, but rather references one distinct subsection, § 1182(a)(2). Nothing in that subsection incorporates the waiver provision in § 1182(h). There is no reason to believe that other provisions of the inadmissibility statutory provision were incorporated into the cancellation of removal provision, and such an interpretation is inconsistent with a plain language reading.

As support for his position, Barma points to the BIA's decision in *Matter of Garcia-Hernandez*, 23 I. & N. Dec. 590 (BIA 2003). In *Garcia-Hernandez*, the BIA held that the conviction for a crime of moral turpitude did not bar cancellation under § 1229b(b)(1)(C) because it fell within § 1182(a)(2)(A)(ii)'s petty offense exception. *Id.* at 593. Barma argues that the petty offense exception contains nearly identical language to the waiver in § 1182(h), and therefore there is "no reason" to treat the provisions differently. That ignores the obvious—and controlling—reason, which is that the petty offense exception is in § 1182(a)(2), which is the provision that § 1229b references, and § 1182(h) is not similarly referenced. In fact, the language of § 1182(a)(2) makes clear that the petty offense exception must be considered in determining which conduct counts as a relevant conviction:

§ 1182(a)

(2) Criminal and related grounds

(A) Conviction of certain crimes

(i) In general

*Except as provided in clause (ii)*, any alien convicted of, or who admits having committed, or

who admits committing acts which constitute the essential elements of—

> (I) a crime involving moral turpitude . . . or

> (II) a violation of . . . any law or regulation . . . relating to a controlled substance

is inadmissible.

(ii) Exception . . . [petty offense exception].

Under the statute as structured, in determining whether a conviction falls under § 1182(a)(2) the petty offense exception contained within that provision must be considered. 23 I. & N. Dec. at 593. The same is not true for the waiver in § 1182(h). Nothing in §1182(a)(2) requires reference to § 1182(h) in determining whether a conviction falls within § 1182(a)(2). Accordingly, *Garcia-Hernandez* provides no support for Barma's interpretation, and reflects merely a determination as to what convictions fall under the language of § 1182(a)(2). *Garcia-Hernandez* in fact is consistent with our holding that the plain language requires the court to focus on the language of the particular subsection referenced. *Id.* ("We view the plain language . . . as incorporating the entirety of section [1182(a)(2)]").

The only other support Barma provides for his position is an unpublished decision by the Ninth Circuit, *Zamora-Rios v. Gonzales*, 242 Fed. Appx. 394, 2007 WL 1482402 (9th Cir. 2007), in which the court held that the ineligibility for cancellation of removal based on the crime of moral turpitude could be cured by a waiver under

§ 1182(h). Subsequent cases in that circuit, however, distinguish the inadmissibility determination from that of removal, and caution that the plain language of the statutes must control. For instance, in *Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009), the court sitting *en banc* held that a family unity waiver available under § 1182(d) in determining whether an alien is inadmissible would not apply in the context of cancellation of removal. As is true here, the plain language of the statute in *Sanchez* did not incorporate the waiver, and the court rejected the argument that the waiver should apply for cancellation of removal as it does for the inadmissibility determination. *Id.* The court held that "[a] statute giving the Attorney General discretion to grant relief from *inadmissibility* does not give the Attorney General discretion to grant relief from *removal*." (emphasis in original) *Id. See also Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004) ("plain language of § 1229b indicates that it should be read to cross-reference a list of offenses in three statutes, rather than the statutes as a whole.") We agree with those cases that the plain language governs and that the reference to the statutory subsection does not incorporate the statute as a whole, and therefore decline to follow the reasoning of *Zamora-Rios,* which would include consideration of the waiver in § 1182(h).

The phrase "an offense under section 1182(a)(2)" means just what it says, which is to include any offenses that are set forth under § 1182(a)(2), including any offense relating to a controlled substance, and does not include the waiver in § 1182(h) which applies to the

inadmissibility determination. Because the conviction for possession of drug paraphernalia is for a violation of law "relating to a controlled substance," Barma is ineligible for cancellation of removal. Accordingly, the petition for review is DENIED.