# Matter of Roberto Carlos BUSTAMANTE, Respondent

*Decided July 13, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The bar to cancellation of removal in section 240A(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1)(C) (2006), which precludes an alien who has been convicted of an offense under section 212(a)(2) of the Act, 8 U.S.C. § 1182(a)(2) (2006), from establishing eligibility for relief, may not be overcome by a waiver under section 212(h) of the Act.

FOR RESPONDENT: Robert J. Jacobs, Esquire, Gainesville, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Myrna Amelia Mesa, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, WENDTLAND, and GREER, Board Members.

WENDTLAND, Board Member:

This case presents the question whether the bar to cancellation of removal in section 240A(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1)(C) (2006), which precludes an alien who has been convicted of an offense under section 212(a)(2) of the Act, 8 U.S.C. § 1182(a)(2) (2006), from establishing eligibility for relief, may be overcome by a waiver under section 212(h) of the Act. We hold that a section 212(h) waiver is not available to overcome this bar to cancellation of removal. The respondent's appeal will therefore be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who entered the United States without having been admitted or paroled. In April 2008, he was convicted of possession of not more than 20 grams of marijuana in violation of section 893.13(6)(b) of the Florida Statutes. Removal proceedings were initiated against the respondent, charging him under section 212(a)(6)(A)(i) of the Act as an alien who is present in the United States without having been

admitted or paroled. At a hearing before an Immigration Judge, the respondent conceded that he is removable.

As relief from removal, the respondent sought to apply for cancellation of removal under section 240A(b) of the Act. The Department of Homeland Security ("DHS") argued that the respondent was ineligible for that relief because he was barred under section 240A(b)(1)(C) as a result of his conviction for a controlled substance violation, which was an offense under section 212(a)(2)(A)(i)(II) of the Act. The respondent requested a waiver under section 212(h) to overcome the statutory bar.

In a decision dated December 8, 2009, the Immigration Judge determined, inter alia, that a section 212(h) waiver would not eliminate the legal effect of the conviction for purposes of section 240A(b)(1)(C) of the Act. He therefore found the respondent ineligible for cancellation of removal and ordered him removed from the United States. The respondent has appealed, arguing that the Immigration Judge erred in denying his application for cancellation of removal.

## II. ISSUE

The issue on appeal is whether section 212(h) can waive the effect of a conviction for an offense under section 212(a)(2)(A)(i)(II) of the Act to overcome the bar to cancellation of removal under section 240A(b)(1)(C).

## III. STATUTORY PROVISIONS

Section 240A(b)(1) of the Act provides, in pertinent part, as follows:

> The Attorney General may cancel removal of, and *adjust to the status of an alien lawfully admitted for permanent residence*, an alien who is inadmissible or deportable from the United States if the alien—
> . . .
> (C) has not been *convicted of an offense under section 212(a)(2)*, 237(a)(2), or 237(a)(3) of the Act . . . .

(Emphasis added.)

The provisions of section 212(a)(2)(A)(i) of the Act applicable to this case state the following:

> [A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of—
> . . .
> (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance

(as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), is inadmissible.

Section 212(h) of the Act, which is titled "Waiver of Subsection (a)(2)(A)(i)(I), (II), (B), (D), and (E)," provides, in pertinent part, as follows:

> The Attorney General may, in his discretion, waive *the application of* subparagraphs (A)(i)(I), (B), (D), and (E) of subsection (a)(2) and *subparagraph (A)(i)(II) of such subsection insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana . . . .*

(Emphasis added.)

## IV. ANALYSIS

The respondent argues on appeal that the Immigration Judge erred in determining that a section 212(h) waiver is not available to overcome the section 240A(b)(1)(C) statutory bar to cancellation of removal that results from his conviction, which was for "possession of 30 grams or less of marijuana." Specifically, he asserts that because cancellation of removal is a form of adjustment of status, a section 212(h) waiver should remove the legal effect of his conviction in the same manner that it waives a ground of inadmissibility that would otherwise render an alien ineligible for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (2006).

We begin our analysis with the language of the statutes, which is the starting point in statutory construction. *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988); *INS v. Phinpathya*, 464 U.S. 183, 189 (1984) (stating that the starting point in cases involving statutory construction must be the language employed by Congress, and that it is assumed that the legislative purpose is expressed by the ordinary meaning of the words used).

On its face, section 212(h) of the Act arguably is somewhat ambiguous in its provision for a waiver of the "application" of certain statutory grounds of inadmissibility involving criminal conduct. In contrast, however, section 240A(b)(1)(C) of the Act unambiguously requires an applicant for cancellation of removal to show that he "has not been convicted of an offense under section 212(a)(2)." Thus, it specifically references actual convictions for offenses included in section 212(a)(2), such as crimes involving moral turpitude and controlled substances violations, including certain minor marijuana offenses, such as the crime in this case, without any mention of the fact that such offenses give rise to inadmissibility. Section 212(h), on the other hand, provides for a waiver of "the *application* of" section 212(a)(2), apparently referencing that provision's overall operation as it relates to inadmissibility, which may, in fact, be based not only on convictions, but also on admissions to the commission of criminal offenses, as well as other actions that do not

require a conviction. *See* sections 212(a)(2)(D), (E) of the Act (relating to prostitution and the commission of a serious offense for which immunity was exercised).

Therefore, while section 240A(b)(1)(C) clearly references the fact of a conviction, we conclude that section 212(h) is properly interpreted as not waiving the fact of a conviction, but instead as waiving only grounds of *inadmissibility* arising from a conviction, as well as from other actions involving criminal conduct. That interpretation is supported by the Board's historical and consistent construction of the language used by Congress in section 212(h) of the Act to mean that the purpose of the waiver is to overcome the presence of a ground of inadmissibility that would otherwise preclude an alien from obtaining admission or adjustment of status under section 245 of the Act. *See, e.g.*, *Matter of Mendez*, 21 I&N Dec. 296, 298 (BIA 1996) (stating that section 212(h) "may be used to waive inadmissibility which would otherwise preclude adjustment of status"); *Matter of Sanchez*, 17 I&N Dec. 218, 222 (BIA 1980) (noting that "relief under section 212(h) . . . may be granted nunc pro tunc in deportation proceedings in order to cure a ground of inadmissibility at the time of entry"); *Matter of Millard*, 11 I&N Dec. 175, 178 (BIA 1965) (finding that "the exercise of discretionary relief pursuant to section[] . . . 212(h) . . . will effectively eliminate the grounds of inadmissibility"). Thus, we have stated that "[w]e interpret section 212(h), which waives the 'application of . . . [section 212(a)(2)(A)(i)(II)],' to mean that it is *the ground* of inadmissibility—rather than the offense or the conviction—whose application may be waived." *Matter of Martinez-Espinoza*, 25 I&N Dec. 118, 123 n.3 (BIA 2009); *cf. Matter of Balderas*, 20 I&N Dec. 389, 391 (BIA 1991) (observing in the context of a section 212(c) waiver that "a grant of relief . . . 'waives' the finding of excludability or deportability rather than the basis of the excludability itself").

By contrast, Congress specifically provided in section 240A(b)(1)(C) of the Act that an alien who has been "convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3) of the Act" is not eligible for cancellation of removal. Thus, the plain language of the statute indicates that the bar does not depend in any way on a determination of inadmissibility or removability or "the application of" a ground of inadmissibility. Instead, it directly references only *convictions* that are covered within the cross-referenced provisions.[1]

---

[1] We note that the legislative history of section 240A(b)(1)(C) of the Act in the Joint Explanatory Statement of the Committee of Conference indicated that cancellation of removal is available to an alien who, inter alia, "has at no time been convicted

(continued...)

As the Supreme Court has explained, where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987); *Russello v. United States*, 464 U.S. 16, 23 (1983). We therefore find it instructive that in section 240A(b)(2)(A)(iv), relating to the eligibility requirements for cancellation of removal for a battered spouse or child, Congress chose to use language relating to inadmissibility and deportability.[2]  While Congress could have employed the same language in these related provisions, it chose not to.

Furthermore, in *Matter of Cortez*, 25 I&N Dec. 301, 308 (BIA 2010), which was issued by the Board subsequent to the Immigration Judge's decision in this case, we relied on the language of section 240A(d)(1) of the Act, the so-called "stop-time rule," as further support for our interpretation of section 240A(b)(1)(C).  Specifically, section 240A(d)(1) requires that for a criminal offense to trigger the stop-time rule, it must "render the alien inadmissible to the United States under section 212(a)(2) or removable from the United States under section 237(a)(2) or 237(a)(4)."  We found that this evidenced Congress' understanding of how to draft statutory language requiring an alien to be inadmissible or removable under a specific ground in section 212 or 237 of the Act.  *Id.* (citing *K Mart Corp. v. Cartier, Inc.*, 486 U.S. at 291 ("In ascertaining the plain meaning of a statute, the court must look

---

(...continued)
of an offense that would render the alien inadmissible under section 212(a)(2)(A) or deportable under redesignated sections 237(a)(2) or 237(a)(3)." H.R. Rep. No. 104-828, at 213 (1996) (Conf. Rep.), 1996 WL 563320.  However, this statement does not track the language contained in the statute as written and approved by Congress.  In light of the clear language of section 240A(b)(1)(C) and our longstanding interpretation of section 212(h), we find this imprecise reference in the legislative history insufficient to guide our construction of the statute.  *See United States v. Gonzales*, 520 U.S. 1, 6 (1997) ("Given the straightforward statutory command, there is no reason to resort to legislative history."); *Matter of Anifowoshe*, 24 I&N Dec. 442, 444 (BIA 2008) ("When the language of the statute is plain, legislative history is irrelevant.").  Indeed, we agree with the United States Court of Appeals for the Ninth Circuit that the fact that the final legislation did not use the Conference Report language "demonstrates that it was not Congress's intent to have [section 240A(b)(1) of the Act] applied in this manner." *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 653 (9th Cir. 2004).

[2]  Under the provisions of section 240A(b)(2)(A), "[t]he Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if . . . (iv) *the alien is not inadmissible under paragraph (2) or (3) of section 212(a)*, is not deportable under paragraphs (1)(G) or (2) through (4) of section 237(a), subject to paragraph (5), and has not been convicted of an aggravated felony." (Emphasis added.)

to the particular statutory language at issue, as well as the language and design of the statute as a whole.")).

The United States Court of Appeals for the Seventh Circuit considered the issue before us in *Barma v. Holder*, 640 F.3d 749, 753 (7th Cir. 2011). Relying on the "plain language" of section 240A(b)(1)(C) of the Act, the court concluded that the alien, who was convicted of possession of drug paraphernalia, was convicted of an offense under section 212(a)(2) and was therefore ineligible for cancellation of removal based on his conviction. *Id.* at 751. Rejecting the argument that a section 212(h) waiver would prevent the conviction from operating as a bar to cancellation of removal, the court concluded that "[t]he phrase 'an offense under section [212(a)(2)]' means just what it says, which is to include any offenses that are set forth under [section 212(a)(2)], including any offense relating to a controlled substance, and does not include the waiver in [section 212(h)] which applies to the inadmissibility determination." *Id.* at 753. In reaching its conclusion, the court quoted a decision of the Ninth Circuit, which stated that "[a] statute giving the Attorney General discretion to grant relief from *inadmissibility* does not give the Attorney General discretion to grant relief from *removal*." *Id.* (quoting *Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009)) (internal quotation marks omitted); *see also Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004) ("The plain language of [section 240A] indicates that it should be read to cross-reference a list of offenses in three statutes, rather than the statutes as a whole."); *cf. Miller v. U.S. INS*, 762 F.2d 21, 24 (3d Cir. 1985) (holding that a section 212(h) waiver could not be employed to waive a finding of lack of good moral character for purposes of suspension of deportation based on a conviction for a crime involving moral turpitude because the "waiver does not by its terms apply").

In view of the above, we are not persuaded by the respondent's argument that because his application for cancellation of removal would result, if granted, in his adjustment of status, a waiver of his criminal conviction is available under section 212(h). The statutory requirements for adjustment of status under section 245 of the Act differ markedly from those for cancellation of removal. Under section 245(a)(2), a showing of admissibility is specifically required, and a waiver of inadmissibility may be available if an alien is inadmissible. However, admissibility is not a statutory prerequisite for establishing eligibility for cancellation of removal. Rather, with respect to the specified categories of offenses, the applicant is required to demonstrate the absence of a conviction itself. Therefore, a waiver of inadmissibility is not pertinent to the criteria for eligibility set forth in section 240A(b)(1)(C).

Moreover, where an alien who is inadmissible by reason of a conviction is granted a waiver, the conviction is not nullified. *See Matter of Balderas*, 20 I&N Dec. at 391. Only the application of the ground of inadmissibility

resulting from the conviction is waived, not any other immigration-related consequences. *See Matter of Martinez-Espinoza*, 25 I&N Dec. at 123 n.3. Whatever ambiguity may exist in the use of the term "application" in section 212(h), it is not sufficient to warrant treating that provision as waiving a conviction's very existence. For the reasons stated above, we conclude that a section 212(h) waiver cannot waive the effect of a conviction for an offense under section 212(a)(2)(A)(i)(II) of the Act to overcome the bar to cancellation of removal under section 240A(b)(1)(C).

## V.  CONCLUSION

As an alien who was convicted of a controlled substance violation, the respondent has been "convicted of an offense under" section 212(a)(2)(A)(i)(II) of the Act. He is therefore barred from establishing eligibility for cancellation of removal under section 240A(b)(1)(C) of the Act. We agree with the Immigration Judge that a section 212(h) waiver is not available to overcome that bar. Accordingly, the respondent's appeal will be dismissed. Given our disposition, we need not address the remaining arguments presented on appeal.

**ORDER:** The appeal is dismissed.