NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 16, 2015
Decided March 28, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2381

| | |
|---|---|
| CRESENCIANO MARTINEZ-GARDUNO, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A200-152-801 |
| LORETTA E. LYNCH, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Cresenciano Martinez-Garduno, a native and citizen of Mexico, petitions for review of the denial of a motion to continue his removal proceedings. Despite admitting his ineligibility for relief from a notice of removal, Martinez-Garduno sought the continuance in order to support his girlfriend as she recovered from gallbladder surgery. The Immigration Judge ("IJ") determined that the girlfriend's surgery was not "good cause" for a continuance under 8 C.F.R. § 1003.29, and the Board of Immigration Appeals ("Board") affirmed. Because the claim in Martinez-Garduno's petition for review lacks merit, we deny the petition.

Martinez-Garduno entered the United States without authorization in 1999. After being convicted of driving under the influence more than a decade later, he came to the attention of the Department of Homeland Security, which charged him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act for being in the United States without permission. At a hearing before the IJ in April 2013, he conceded removability and requested a continuance "to explore any and all possible avenues of relief." The IJ granted a one-year continuance.

Another hearing was held approximately one year later. At the hearing, Martinez-Garduno admitted that he did not qualify for any relief from removal, and noted that the government had refused to exercise prosecutorial discretion to close the case administratively. He nevertheless requested a second continuance on the ground that his long-term girlfriend—a U.S. citizen—had undergone gallbladder surgery that week and "may have more surgeries" in the future. Martinez-Garduno did not argue that this situation constituted the required "good cause" for a continuance under 8 C.F.R. § 1003.29. Martinez-Garduno also requested, in the alternative, voluntary departure for up to 120 days.

The IJ granted voluntary departure for up to 60 days but denied the continuance request. The IJ explained that Martinez-Garduno had not shown good cause warranting a continuance; because he conceded ineligibility for relief from removal, there was "nothing available before the court." Upon learning of the IJ's denial, Martinez-Garduno referenced the possibility of appeal, which would effectively allow Martinez-Garduno to remain in the United States for a longer period of time. After emphasizing that she "[did not] encourage frivolous appeals," the IJ acknowledged that Martinez-Garduno was entitled to appeal the denial and stated, "Let the [Board] tell you it's frivolous."

On appeal to the Board, Martinez-Garduno argued that his desire to help his girlfriend recover from surgery was "good cause in the form of humanitarian considerations," notwithstanding his ineligibility for relief from removal. The Board upheld the IJ's decision, concluding that Martinez-Garduno sought a continuance only to delay his removal, not to eventually obtain relief, and that the request was uncorroborated by evidence of his girlfriend's surgery or her need for his help.

In his petition for review, Martinez-Garduno continues to contend that he had good cause for a continuance. He argues that "good cause" should be understood to encompass the medical hardship or serious illness of an alien's relative or spouse. A contrary understanding, he contends, would incentivize individuals in his position to

skip their removal hearings and later ask an IJ to excuse their absence for "exceptional circumstances" such as the "serious illness or death of the spouse, child, or parent of the alien." 8 U.S.C. §§ 1229a(b)(5)(C)(i), (e)(1).

The government contends that we lack jurisdiction to consider this claim insofar as it relates to the "exceptional circumstances" provision in § 1229a, because Martinez-Garduno did not expressly reference this provision with the Board. "It is true that an alien must exhaust all administrative remedies available to the alien as of right, and that this includes the obligation first to present to the Board any arguments that lie within its power to address." *Issaq v. Holder*, 617 F.3d 962, 968 (7th Cir. 2010) (citations and internal quotation marks omitted). But this Court has not been inclined to find a failure to exhaust where an alien has adequately "raise[d] the point" at issue on appeal with the Board. *Id.* at 968–69.

We need not resolve this issue, however, because Martinez-Garduno's petition is meritless. We review the denial of a motion for continuance for an abuse of discretion. *Giri v. Lynch*, 793 F.3d 797, 800–01 (7th Cir. 2015). "Where, as here, the [Board] agrees with the IJ's decision but supplements that decision with its own explanation for rejecting the appeal, we review the IJ's decision as supplemented by the [Board]'s reasoning." *Barma v. Holder*, 640 F.3d 749, 751 (7th Cir. 2011). We will uphold a continuance denial as long as the decision is supported by a "legitimate reason." *Wang v. Holder*, 759 F.3d 670, 675 (7th Cir. 2014); *see also Calma v. Holder*, 663 F.3d 868, 878 (7th Cir. 2011) (explaining that a continuance decision will be upheld "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis").

Given Martinez-Garduno's uncontested ineligibility for relief, the IJ did not err in denying his continuance request as futile and taken solely for delay purposes. *See Wang*, 759 F.3d at 675 (finding no abuse of discretion where the IJ believed the continuance request was merely a "delay tactic" and denied it); *Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006) (finding no error in the IJ's decision to deny the continuance request where the alien's adjustment-of-status application was "hopeless[]"). Moreover, Martinez-Garduno cannot show that the denial of his request has affected or will affect the final outcome of his removal proceedings. *See Calma*, 663 F.3d at 878 (concluding that the denial of the continuance request was not prejudicial because the Board had already dismissed an appeal from the revocation of the petitioner's son's I-130 petition).

For these reasons, Martinez-Garduno's petition for review is DENIED.