MATTER OF GRAHAM

In Deportation Proceedings

A-10198828

*Decided by Board June 25, 1965*

Respondent, who was absent from the United States for 2 months during the required period of continuous physical presence, is statutorily ineligible for suspension of deportation under section 244(a)(1), Immigration and Nationality Act, as amended, since any absence from the United States, no matter how brief, during the statutory period for which continuous physical presence is required breaks the continuity of physical presence, notwithstanding *Wadman* v. *Immigration and Naturalization Service*, 329 F.2d 812. [Reaffirmed: *Matter of P*—, 5 I. & N. Dec. 220; *Matter of Z—A—N*—, 5 I. & N. Dec. 298; *Matter of Wong*, Int. Dec. No. 1334; *Matter of Jacobson*, Int. Dec. No. 1413; *Matter of Wong*, Int. Dec. No. 1444.*]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—nonimmigrant student.

This case comes forward on appeal from an order entered by the special inquiry officer on April 6, 1965 denying the respondent's application requesting that her deportation be suspended under section 244(a)(1) of the Immigration and Nationality Act, as amended, but granting her permission to depart voluntarily from the United States, in lieu of deportation, and directing that if she fails to depart voluntarily from the United States, in lieu of deportation, and directing that if she fails to depart when and as required that she be deported from the United States to Jamaica on the charge set forth in the order to show cause. The respondent, a 33-year-old single female, native and citizen of Jamaica, has resided continuously in the United States since last entering at New York, New York on or about October 8, 1960 at which time she was admitted as a nonimmigrant student, authorized to remain in the United States in such status

*NOTE: Int. Dec. No. 1444 overruled by 358 F.2d 151.

until September 15, 1963. She has remained in the United States without authority since the latter date. Deportation proceedings were instituted against the respondent on March 12, 1965. Hearings in deportation proceedings were held at New York, New York on March 23 and April 6, 1965, respectively.

The respondent and counsel admitted the truth of the factual allegations set forth in the order to show cause and conceded deportability on the charge stated therein at the hearing held on March 23, 1965. The evidence of record clearly establishes that the respondent is subject to deportation under section 241(a)(2) of the Immigration and Nationality Act, in that, after admission as a nonimmigrant under section 101(a)(15) of the Act, she remained in the United States for a longer time than permitted. The respondent's application requesting that her deportation be suspended under section 244(a)(1) of the Immigration and Nationality Act, as amended, was subscribed, sworn to and submitted for consideration at the deportation hearing held at New York, New York on April 6, 1965. Counsel on appeal argued that the respondent's absence from the United States for a period of two months during her summer vacation did not break the continuity of her physical presence therein. Counsel asserted that the respondent has been physically present in the United States for seven consecutive years and is a person of good moral character whose deportation would result in exceptional and extreme hardship to herself and to her illegitimate United States citizen child.

On examination of the record we find the respondent was initially admitted to the United States as a nonimmigrant student in September 1955; that she resided continuously in the United States from September 1955 until she departed therefrom for a two months' vacation from August to October 1960 in her native country. The only issue for our determination is whether the respondent has the necessary continuous physical presence in the United States to meet the requirements of the statute. It is conceded that the only manner in which the respondent's immigrant status can be adjusted is by having her deportation suspended under section 244(a)(1) of the Immigration and Nationality Act. Counsel's argument to the effect that the doctrine enunciated in *Rosenberg v. Fleuti*, 374 U.S. 449, is applicable to the respondent is without merit since the respondent has never been lawfully admitted to the United States for permanent residence.

This Board has consistently held that even a brief absence from the United States destroys the continuous physical presence required for eligibility for suspension of deportation (*Matter of P—*, 5 I. & N. Dec. 220; *Matter of Z—A—N—*, 5 I. & N. Dec. 298; cf. *Matter of*

W—, Int. Dec. No. 1334, decided April 22, 1964; cf. *Matter of W—*, Int. Dec. No. 1444, decided by this Board April 2, 1965; cf. *Matter of J—*, Int. Dec. No. 1413, BIA, December 4, 1964). This Board is cognizant of the recent decision in the United States Court of Appeals for the Ninth Circuit in *Wadman v. Immigration and Naturalization Service*, 329 F.2d 812,, wherein the court held that an alien's five-day visit to Mexico did not, as a matter of law, interrupt the continuity of his stay in the United States so as to disentitle him to discretionary relief against deportation. In our opinion the administrative decisions cited above should be adhered to.

Section 244(a) *supra*, when enacted on June 27, 1952, made significant and substantial revisions in the then existing provisions of section 19(c) of the Immigration Act of 1917, as amended, relating to suspension of deportation. One of the elements relating to suspension of deportation under the Act of 1917 (section 19(c)(2)(b)) required a showing by the alien that he had resided continuously in the United States for seven years or more and was residing therein on the effective date of the Act (July 1, 1948; 62 Stat. 1206). The Immigration and Nationality Act of 1952 broadened the class of aliens who may apply for suspension of deportation, but was more restrictive in its requirements, in that, the alien, among other things, must establish that he had been continuously physically present in the United States for a period of not less than seven years immediately preceding the date of such application * * *. One of the questions involved in *Wadman v. Immigration and Naturalization Service, supra*, is whether the alien's visit to Mexico interrupted his continuous physical presence in the United States. Section 101(a)(33) of the Act defines the term "residence" as meaning the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact without regard to intent. Residence shall be considered continuous for the purposes of sections 350 and 352 of Title III of the Act where there is continuity of stay but not necessarily an uninterrupted physical presence in a foreign state or states outside the United States.

Section 244(a)(1) of the Immigration and Nationality Act, as amended by the Act of October 24, 1962 provides that the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—

(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically pres-

ent in the United States for a continuous period of not less than seven years immediately preceding the date of such application, * * *

To give effect to the changed language in section 244(a)(1) of the Immigration and Nationality Act it would appear necessary to give the language its plain meaning and hold that any absence from the United States during the period for which continuous physical presence is required, no matter how brief, would destroy the continuity of physical presence, and make the alien ineligible for suspension of deportation. A cardinal rule of statutory construction is that when Congress amends a law, the amendment is made to effect some purpose and change in the law (*Mogis* v. *Lyman Richey*, 189 F.2d 130, cert. den. 342 U.S. 887). If the Congress in enacting section 244(a) of the Immigration and Nationality Act, as amended in October 1962, intended to permit physical absence from the United States it could have required only that an alien have seven years' continuous residence and not seven years' continuous physical presence.

The language of the statute is clear and unambiguous. Congress, unquestionably, recognized the difference between the term "continuous residence" in the Immigration Act of 1917, as amended, and the term "continuous physical presence" in the Immigration and Nationality Act of 1952, as amended. The continuous physical presence requirement for suspension of deportation has been interpreted by several of the United States courts. The court in *McLeod* v. *Peterson*, 283 F.2d 180, held that an alien's absence from the United States while in Canada for approximately one year during the seven-year period required for continuous physical presence did not break the continuity of his physical presence in the United States. *McLeod, supra,* is readily distinguishable from the facts in *Wadman.* v. *Immigration and Naturalization Service.* In the *McLeod* case the court held that because Government agents had improperly induced McLeod, an applicant for suspension of deportation, to leave the United States the Government was prevented or estopped in claiming that his absence in Canada broke his continuous physical presence for suspension of deportation. In U. S. *ex rel. Bruno* v. *Sweet*, 133 F. Supp. 3, one of the questions presented was whether the alien had been continuously physically present in the United States for ten years to qualify for suspension of deportation under section 244(a)(5) of the Immigration and Nationality Act. In the latter case, the alien had gone to Canada in January 1948 for the purpose of obtaining an immigrant visa. He was deported from Canada to the United States by Canadian officials on the same date.

The court held his departure from the United States to Canada for a period of less than one day broke his period of continuous physical presence in the United States (cf. *Arrellano-Flores* v. *Hoy*, 262 F.2d 667).

The Congress of the United States in amending section 244(a) of the Immigration and Nationality Act on October 24, 1962 (Public Law 87-885) had an opportunity to change the terminology of the statute to require continuous residence in the United States instead of continuous physical presence. Congress failed to make any such change in the continuous physical presence requirements of section 244(a)(1) and (2) of the Immigration and Nationality Act, as amended, except for aliens who served a minimum period of 24 months in an active duty status in the armed forces of the United States (section 244(b) of the Act). For the reasons set forth, we affirm our prior administrative decisions to the effect that any absence during the period required by statute, no matter how brief, destroys the continuous physical presence required for eligibility for suspension of deportation. Clearly, the term "continuous physical presence" can in nowise be equated with the term "continuous residence."

After carefully considering all the evidence of record, together with counsel's representations on appeal, we find nothing therein that warrants any change being made in the decision of the special inquiry officer who has denied the alien's application for suspension of deportation but granted her permission to depart voluntarily from the United States, in lieu of deportation, which is the maximum discretionary relief available to her. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal be dismissed.