# Matter of Y-N-P-, Respondent

*Decided September 20, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An applicant for special rule cancellation of removal under section 240A(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(2) (2006), cannot utilize a waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (2006), to overcome the section 240A(b)(2)(A)(iv) bar resulting from inadmissibility under section 212(a)(2).

FOR RESPONDENT: Nina Rabin, Esquire, Tucson, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Alec J. Niziolek, Assistant Chief Counsel

BEFORE: Board Panel: GRANT and MULLANE, Board Members; LIEBOWITZ, Temporary Board Member.

LIEBOWITZ, Temporary Board Member:

In a decision dated January 14, 2011, an Immigration Judge found the respondent removable on her own admissions and denied her applications for special rule cancellation of removal under section 240A(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(2) (2006), and for a waiver of inadmissibility pursuant to section 212(h) of the Act, 8 U.S.C. § 1182(h) (2006). The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who entered the United States without permission on July 13, 2001. She was convicted in Arizona on April 12, 2010, of the felony offense of facilitation to commit illegally conducting an enterprise.

In proceedings before the Immigration Judge, the respondent admitted that she is inadmissible under section 212(a)(6)(A)(i) of the Act as an alien who entered the United States without being admitted or paroled. She also conceded that she is inadmissible under section 212(a)(2)(A)(i)(I) on the basis of her conviction for a crime involving moral turpitude. The

Immigration Judge denied the respondent's applications for relief from removal, finding that she was statutorily ineligible, and ordered her removed from the United States.

During the pendency of the respondent's appeal, we requested supplemental briefing from the parties in light of *Matter of Bustamante*, 25 I&N Dec. 564 (BIA 2011). In that decision, which was issued subsequent to the Immigration Judge's order, we held that section 212(h) does not waive the effect of a conviction for an offense under section 212(a)(2) of the Act in order to overcome the bar to regular cancellation of removal under section 240A(b)(1)(C).

Both parties have filed supplemental briefs in support of their respective positions. The respondent argues that she can utilize a section 212(h) waiver of inadmissibility to overcome the section 240A(b)(2)(A)(iv) statutory bar to special rule cancellation of removal that results from her conviction for a crime involving moral turpitude. The DHS's position is that even if the language of section 240A(b)(2)(A)(iv) of the Act might suggest that an alien can apply for a waiver of inadmissibility in conjunction with an application for cancellation of removal, the respondent is not statutorily eligible for a section 212(h) waiver.

## II. ISSUE

The issue before us is whether an applicant for special rule cancellation of removal under section 240A(b)(2) of the Act can utilize a section 212(h) waiver of inadmissibility to overcome the section 240A(b)(2)(A)(iv) bar resulting from inadmissibility under section 212(a)(2). This is a legal question, which we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2012).

## III. STATUTORY PROVISIONS

Section 240A(b)(2)(A)(iv) of the Act provides that the Attorney General may cancel the removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States, where the alien has been battered or subjected to extreme cruelty by a specified individual, and where, inter alia,

> the alien is not inadmissible under paragraph (2) or (3) of section 212(a) [of the Act], is not deportable under paragraphs (1)(G) or (2) through (4) of section 237(a), subject to paragraph (5), and has not been convicted of an aggravated felony . . . .

Section 212(h) of the Act provides in relevant part as follows:

> The Attorney General may, in his discretion, waive the application of [section 212(a)(2)(A)(i)(I) of the Act] if—
>> (1) . . .
>>> (B) in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to [a qualifying relative of the alien]; . . .
>>> . . . and
>> (2) the Attorney General, in his discretion, and pursuant to such terms, conditions and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status.
> . . . .

# IV.  ANALYSIS

After reviewing the pertinent statutes, the overall scheme of the cancellation statute, and the relevant legislative history, we concur with the DHS's position and find that the respondent cannot establish eligibility for special rule cancellation of removal.

## A.  Eligibility To Apply for a Section 212(h) Waiver

Section 212(h)(2) of the Act gives the Attorney General the discretion to waive "the application" of section 212(a)(2) of the Act where, among other requirements, the Attorney General "has consented to the alien's applying or reapplying *for a visa*, *for admission* to the United States, *or adjustment of status*." (Emphasis added.)  The respondent does not fit within any of these three categories.  She is clearly not applying or reapplying for a visa. Moreover, as explained below, the respondent is also not applying for adjustment of status or admission to the United States within the meaning of section 212(h) of the Act. *See Poveda v. U.S. Att'y Gen*., No. 11-14512, 2012 WL 3655293, at \*5 (11th Cir. Aug. 27, 2012) (recognizing the Board's limited application of the section 212(h) waiver and upholding our interpretation that the waiver is only available to aliens who are seeking admission at the border or applying for adjustment of status).

### 1.  Applicant for Admission

The respondent argues that she is eligible for a section 212(h) waiver because she is "applying . . . for admission" and that once her ground of inadmissibility is waived, she can establish eligibility for special rule

cancellation. The respondent asserts that because she is charged as an arriving alien, she is deemed to be an applicant for admission pursuant to section 235(a)(1) of the Act, 8 U.S.C. § 1225(a)(1) (2006). However, being an "applicant for admission" under section 235(a)(1) is distinguishable from "applying . . . for admission to the United States" within the meaning of section 212(h). *See Poveda v. U.S. Att'y Gen.*, 2012 WL 3655293 (rejecting the argument that because a returning lawful permanent resident convicted of a specified crime is considered an "applicant for admission," a permanent resident seeking to waive deportation grounds in removal proceedings is eligible to apply for a section 212(h) waiver in the absence of an application for adjustment of status). The fact that the respondent is considered an "applicant for admission," despite her actual presence in the United States without admission or parole, merely entitles her to a removal hearing under section 240 of the Act, 8 U.S.C. § 1229a (2006). *See* section 235(b)(2)(A) of the Act.

Further, an applicant for admission must have some *basis* for being admitted. *See generally* section 235(b)(1)(A) of the Act (providing that an applicant for admission who does not present the necessary entry document will be immediately removed from the United States, subject to limited exceptions not relevant here); 8 C.F.R. § 1235.3 (2012). The respondent does not contend that there is any basis for her admission to the United States. Instead, she is requesting that the Attorney General exercise his discretion to cancel her removal from the United States.

Moreover, acceptance of the respondent's position—that applicants for admission, by virtue of that status alone, can apply for a section 212(h) waiver in conjunction with a special rule cancellation application—would lead to the problematic result that aliens who entered the United States unlawfully could concurrently apply for relief, while those who entered lawfully could not. The language of the relevant statutes does not support giving such preferential treatment to aliens who entered without inspection over those who followed the orderly entry procedures. *See Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004) (finding that the language of the cancellation statute did not support according greater rights to aliens who entered unlawfully).

Finally, section 212(h) does not provide an independent basis for aliens to be admitted to the United States.[1] Rather, a section 212(h) waiver enables

---

[1] The respondent's reliance on *Matter of Abosi*, 24 I&N Dec. 204, 206 (BIA 2007), is therefore misplaced. In that case, we held that a returning lawful permanent resident could apply for a section 212(h) waiver of inadmissibility without concurrently filing an application for adjustment of status because the waiver would eliminate the basis for his inadmissibility and leave his lawful permanent resident status intact. In contrast, a waiver

(continued...)

a qualifying alien to be admitted when there is some basis for admission (for instance, a valid immigrant or nonimmigrant visa), but the alien is barred by one of the enumerated grounds of inadmissibility. *See generally Matter of Bustamante*, 25 I&N Dec. 564 at 567 (explaining that the purpose of a section 212(h) waiver is to overcome a ground of inadmissibility that would otherwise preclude the alien from obtaining admission or adjustment of status under section 245 of the Act, 8 U.S.C. § 1255(a) (2006)). Thus, as the United States Court of Appeals for the Ninth Circuit has explained, "A statute giving the Attorney General discretion to grant relief from *inadmissibility* does not give the Attorney General discretion to grant relief from *removal*." *Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009) (en banc) (holding that a family unity waiver available in the context of inadmissibility is not available to overcome a bar to good moral character in the context of cancellation of removal under section 240A(b)(1) of the Act). Nothing in section 212(h) grants the Attorney General authority to consent to cancellation of the removal of an alien who is present in the United States and does not otherwise satisfy the basic eligibility requirements for that relief.

## 2. Adjustment of Status

In her supplemental brief, the respondent states that "the only interpretation that comports with the statutory language, the regulatory language, and the applicable case law, is that [section] 212(h) is available to those who are applying for admission *or* those who seek adjustment of status under [section] 245." We recognize that section 240A(b) of the Act is entitled "Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents." *See also* section 240A(b)(2)(A) of the Act (granting the Attorney General the authority to "cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence" an alien who satisfies the eligibility criteria for special rule cancellation of removal).[2] However, for the reasons discussed below, the inclusion of this "adjustment of status" language

(...continued)

of the respondent's inadmissibility, absent a concurrently filed adjustment application, would leave her as an "applicant for admission" without any basis for being admitted to the United States.

[2] Section 240A(b)(2) of the Act was intended to "restate" former section 244(a)(3) of the Act, 8 U.S.C. § 1254(a)(3) (1994), which provided the predecessor relief of suspension of deportation to certain battered immigrants. *See Matter of A-M-*, 25 I&N Dec. 66, 73 (BIA 2009). Under the former statute, the Attorney General had discretion to suspend the deportation of any eligible alien, and if the Attorney General granted the application, he or she would then record the alien's lawful permanent residence as of the date the cancellation of deportation was made. *See* former section 244(d) of the Act.

in section 240A(b) of the Act does not suggest that an alien in the respondent's position may be eligible to utilize a waiver of inadmissibility under section 212(h).

The adjustment of status of an alien who is granted special rule cancellation of removal occurs as a matter of course once the alien has established his or her eligibility for relief. *See* section 240A(b)(3) of the Act (providing that "the Attorney General shall record the alien's lawful admission for permanent residence as of the date of the Attorney General's cancellation of removal under [section 240A(b)(1) or (2) of the Act]"). Such an alien is not required to file an application for adjustment of status, establish his or her admissibility (as is required to adjust status under section 245(a) of the Act), or otherwise satisfy any eligibility criteria beyond those included in section 240A(b)(2). *See generally Matter of Bustamante*, 25 I&N Dec. at 569 (contrasting "cancellation of removal and adjustment of status" under section 240A(b)(1) of the Act with adjustment of status under section 245, and rejecting the argument that a waiver of the alien's criminal conviction would be available under section 212(h) based on the fact that his application for section 240A(b)(1) cancellation could result in his adjustment of status). Rather, lawful permanent resident status is granted solely as a consequence of the cancellation of removal.[3]

We find support for our conclusion in section 240A(b)(5) of the Act, which refers to a proceeding under section 240A(b) as "a cancellation of removal and adjustment of status proceeding." This phrase must be read in context with the provisions of the Act as a whole. In section 212(h), Congress expressly listed the circumstances under which an alien may apply for that waiver of inadmissibility. Congress did not include "a cancellation of removal and adjustment of status proceeding" among the limited scenarios in which an alien may apply for such a waiver. Thus, section 212(h) reflects no congressional intent to permit an alien to apply for the waiver in conjunction with a special rule cancellation application.[4]

---

[3] However, the status of a lawful permanent resident who is granted cancellation of removal under section 240A(b)(2) of the Act need not be adjusted because cancellation of the alien's removal simply leaves the existing lawful permanent resident status intact. *See Matter of A-M-*, 25 I&N Dec. at 73 n.8.

[4] Moreover, when section 212(h) of the Act is read as a whole, the phrase "adjustment of status" makes the most sense when interpreted to mean adjustment under section 245 of the Act, or an appropriately similar provision. *See infra* n.5. This reading harmonizes the three categories of applicants who may apply for a section 212(h) waiver (applicants for a visa, admission, or adjustment of status), because adjustment of status under section 245 permits an alien to apply for an immigrant visa without departing the United States, and, as we have consistently held, is the functional equivalent of an admission to the

(continued...)

Our interpretation is also consistent with the regulations implementing section 245 of the Act. According to 8 C.F.R. § 1245.1(f) (2012), "[A]n application under this part shall be the sole method of requesting the exercise of discretion under sections 212(g), (h), (i), and (k) of the Act, as they relate to the inadmissibility of an alien in the United States."[5] Pursuant to this rule, which has been in place for over a half century, the respondent would only be eligible to file a section 212(h) waiver application concurrently with an application to adjust her status under section 245 of the Act or one of the other provisions included in the regulations. *See generally* Applications for Discretionary Benefits, 26 Fed. Reg. 12,110 (Dec. 19, 1961) (amending 8 C.F.R. § 245.1). She has not filed such an application.

Based on the foregoing, we conclude that the respondent is not eligible for a section 212(h) waiver of inadmissibility and therefore cannot overcome the section 240A(b)(2)(A)(iv) statutory bar to special rule cancellation of removal.[6]

## B. Implicit Waivers of Inadmissibility and Deportability

Section 240A(b)(2)(A)(iv) requires an applicant for special rule cancellation to establish that he or she "is not inadmissible [or] deportable" under any of certain enumerated sections of the Act. In contrast, to apply for regular cancellation of removal under section 240A(b)(1), an alien must establish that he or she "has not been convicted of an offense" specified in section 240A(b)(1)(C).

Highlighting Congress's use of these different terms, "inadmissible" in section 240A(b)(2)(A)(iv) and "convicted" in section 240A(b)(1)(C), and

---

(...continued)
United States. *See, e.g.*, *Matter of Koljenovic*, 25 I&N Dec. 219 (BIA 2010); *see also Poveda v. U.S. Att'y Gen.*, 2012 WL 3655293.

[5] We note that 8 C.F.R. § 1245.1(f) provides for availability of the waiver in conjunction with other specific adjustment of status provisions, which are referenced elsewhere in 8 C.F.R. part 1245. *See, e.g.*, 8 C.F.R. §§ 1245.13(c)(2), 1245.15(e)(3) (2012) (relating to waivers of inadmissibility for certain nationals of Cuba, Nicaragua, and Haiti). In *Matter of Briones*, 24 I&N Dec. 355, 367-68 (BIA 2007), we recognized that when Congress has wanted to make adjustment of status available to certain aliens despite their inadmissibility, it has done so, citing as examples Cuban, Nicaraguan, and Haitian nationals.

[6] In reaching this conclusion we apply the rule of statutory construction that a specific provision (in this case, the enumeration of explicit eligibility requirements for a section 212(h) waiver of inadmissibility) takes precedence over a more general one (here, the use of the general phrase "is not inadmissible" in the special rule cancellation statute). *See, e.g.*, *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004), *overruled on other grounds*, *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

citing *Matter of Bustamante*, the respondent asserts that in light of the ameliorative purpose of section 240A(b)(2), she should be allowed to apply for a waiver of inadmissibility to overcome the section 240A(b)(2)(A)(iv) bar. While we briefly addressed this disparate language in *Matter of Bustamante*, the question whether an applicant for special rule cancellation of removal is eligible to apply for a section 212(h) waiver in conjunction with the cancellation application was not before us.[7]

In interpreting a statute, we must consider all of its provisions. *See, e.g.*, *Household Credit Services, Inc. v. Pfennig*, 541 U.S. 232 (2004); *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281 (1988). In this regard, we note that Congress has specifically provided a waiver of deportability for special rule cancellation applicants. Section 240A(b)(5) of the Act explicitly permits such an applicant who is deportable for a crime of domestic violence under section 237(a)(2)(E) of the Act, 8 U.S.C. § 1227(a)(2)(E) (2006), to apply for the waiver of deportability for certain victims of domestic violence in section 237(a)(7) if the applicant would otherwise be barred from cancellation by section 240A(b)(2)(A)(iv).[8]

There would have been no need for Congress to specify, and subsequently clarify, that the bar can be overcome by applying the section 237(a)(7) domestic violence waiver if it had intended to make all waivers of inadmissibility and deportability available to special rule cancellation applicants merely by virtue of its use of the terms "inadmissible" and "deportable" in section 240A(b)(2)(A)(iv). Thus, although we cannot explain the disparate language regarding the bars to relief in sections 240A(b)(1)(C)

---

[7] In *Matter of Bustamante*, 25 I&N Dec. at 568 & n.2, we determined that a section 212(h) waiver of inadmissibility would not waive the effect of the alien's conviction for a crime described in section 212(a)(2) of the Act. We therefore concluded that section 240A(b)(1)(C) would bar the alien from obtaining cancellation of removal, irrespective of whether he was eligible for a waiver of inadmissibility under section 212(h). Consequently, we did not address whether applicants for cancellation of removal could ever apply for a section 212(h) waiver to overcome the bar to relief.

[8] Congress initially incorporated the section 237(a)(7) domestic violence waiver directly into the language of section 240A(b)(2)(A)(iv) of the Act as part of the Victims of Trafficking and Violence Protection Act of 2000, Div. B of Pub. L. No. 106-386, § 1504(a), 114 Stat. 1464, 1522-23. However, Congress later revised the cancellation statute by adding section 240A(b)(5) to ensure that Immigration Judges could apply the authority provided in section 237(a)(7) in the context of special rule cancellation of removal and adjustment of status proceedings. *See* Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. No. 109-162, § 813(c), 119 Stat. 2960, 3058 (enacted Jan. 5, 2006); 151 Cong. Rec. S13,762, S13,765 (daily ed. Dec. 16, 2005) (Section-by-Section Summary of the Violence Against Women Act of 2005).

and 240A(b)(2)(A)(iv) of the Act, we find it unlikely that Congress would have made such an effort to ensure that the domestic violence waiver was made available to special rule cancellation applicants if other waivers of inadmissibility and deportability were already implicitly available pursuant to the language of section 240A(b)(2)(A)(iv) of the Act. *See generally Matter of Graham*, 11 I&N Dec. 234, 237 (BIA 1965) (stating that "[a] cardinal rule of statutory construction is that when Congress amends a law, the amendment is made to effect some purpose and change in the law").

The respondent asserts that even if there is some ambiguity regarding her eligibility for a section 212(h) waiver, denying domestic violence victims the opportunity to waive grounds of inadmissibility would run at cross-purposes to the ameliorative purpose of the special rule cancellation statute. However, various other provisions of section 240A(b)(2) offer greater flexibility for special rule cancellation applicants in meeting the statutory requirements for relief, including those regarding physical presence and good moral character. *Compare* sections 240A(b)(1)(A) *and* (B) of the Act (relating to the physical presence and good moral character requirements for regular cancellation of removal applicants), *with* sections 240A(b)(2)(A)(ii), (iii), (B), *and* (C) of the Act (relating to comparable requirements for special rule cancellation applicants). Moreover, we note that although Congress did not make a section 212(h) waiver of inadmissibility available to special rule cancellation applicants, section 212(h)(1)(C) of the Act explicitly provides that the Attorney General may grant such a waiver to a "VAWA self-petitioner."

## V. CONCLUSION

Based on the language of section 212(h) of the Act, we conclude that applicants for special rule cancellation are not eligible to utilize a waiver under that section. Moreover, the use of the term "inadmissible" in section 240A(b)(2)(A)(iv) of the Act does not provide such applicants eligibility to apply for a waiver of inadmissibility for which they are otherwise statutorily ineligible.

Cancellation of removal is a self-contained form of relief from removal, which is available only to aliens who meet the basic eligibility criteria set forth in the Act. The language of the pertinent statutes, which is supported by legislative history, does not allow the respondent to circumvent the requirements for eligibility set forth in section 240A(b)(2)(A)(iv) by applying for a waiver of inadmissibility under section 212(h). The respondent's contentions regarding the general ameliorative purpose of the special rule cancellation statute do not persuade us otherwise. We therefore conclude that the respondent is not eligible to apply for a section 212(h)

waiver of inadmissibility in conjunction with her application for special rule cancellation of removal. Accordingly, the respondent's appeal will be dismissed.[9]

**ORDER:** The appeal is dismissed.

---

[9] We are also unpersuaded by the respondent's appellate allegation that the Immigration Judge exhibited bias against her. The record reflects that the Immigration Judge based his decision on his understanding of the applicable laws and regulations, his analysis of the evidence of record, and what he deduced from his participation in the respondent's case. *See generally Matter of Exame*, 18 I&N Dec. 303 (BIA 1982); *Matter of Bader*, 17 I&N Dec. 525 (BIA 1980). The respondent has not shown that she was denied due process.