**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3433

_____

JARVIN ORLANDO LOPEZ,
a/k/a
JARVIN ORLANDO CRUZ-LOPEZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A094-481-777)
Immigration Judge:  Honorable Walter A. Durling

_____

Argued: September 7, 2018

Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*

(Opinion filed: December 21, 2018)

Sandra L. Greene            [Argued]
Greene Fitzgerald Advocates and Consultants
2575 Eastern Boulevard
Suite 208
York, PA 17402

   Counsel for Petitioner

James A. Hurley       [Argued]
Kiley Kane
Chad A. Readler
United States Department of Justice
Office of Immigration Litigation
Room 5009, P.O. Box 878
Ben Franklin Station
Washington, DC 20044

        Counsel for Respondent

———————

OPINION[*]

———————

KRAUSE, *Circuit Judge*.

Jarvin Orlando Lopez, an alien from El Salvador, petitions for review of two orders of the Board of Immigration Appeals (BIA) affirming the rejection of his applications for withholding of removal, for relief under the Convention Against Torture (CAT), and for cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA). We will deny the petition as to withholding of removal and CAT relief, but we will grant it and remand to the BIA for further consideration and explanation as to relief under NACARA.

## I. Background

Lopez applied for relief from deportation on several grounds. In one order dated

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

March 3, 2017, the BIA affirmed the Immigration Judge's rejections of Lopez's applications for withholding of removal and CAT relief. In a second order issued October 10, 2017, the BIA also affirmed the rejection of his application for cancellation of removal under Section 203(b) of NACARA, Pub. L. No. 105-100, 111 Stat. 2160, 2198–2201 (1997), concluding that Lopez was subject to NACARA's heightened eligibility criteria that apply to aliens who are "inadmissible under Section 212(a)(2)" of the Immigration and Nationality Act (INA) as the result of a controlled-substance conviction, 8 C.F.R. § 1240.66(c)(1). Lopez urged that if he were allowed to seek a concurrent waiver of inadmissibility pursuant to Section 212(h) of the INA, he then would satisfy the less demanding criteria that apply to aliens who are not inadmissible under Section 212(a)(2). But the BIA did not acknowledge or address the effect of a concurrent waiver request on Lopez's NACARA eligibility. Instead, it offered only the cryptic remark that "[e]ven assuming [Lopez] was entitled to a waiver under section 212(h) . . . , [he] has not satisfied his burden for relief under NACARA." A.R. 8.

## II. Discussion

Lopez petitions for review of both BIA orders. For the reasons set forth below, we will deny the petition for review as to the first order (concerning withholding of removal and CAT relief), but we will grant it and remand for a more reasoned decision from the BIA under the *Chenery* doctrine as to the second (concerning the concurrent Section 212(h) waiver and relief under NACARA).

### A. Withholding of Removal and CAT Relief

Because Lopez's removal order resulted from a controlled-substance conviction

3

covered by 8 U.S.C. § 1182(a)(2), our jurisdiction here is limited to de novo review of "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(C)–(D). *See Fan Wang v. Att'y Gen.*, 898 F.3d 341, 343 (3d Cir. 2018).

To the extent Lopez raises a legal challenge to the BIA's denial of withholding of removal, it is not one that entitles him to relief. Lopez must show (1) the existence of "a particular social group that is legally cognizable," (2) "membership in that group," and (3) "a well-founded fear of persecution" connected to group membership. *S.E.R.L v. Att'y Gen.*, 894 F.3d 535, 544 (3d Cir. 2018). "Persecution" must be conducted by a foreign government or "by forces the government is unable or unwilling to control." *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011) (citation omitted). Lopez argues that the BIA committed legal error on the first prong by failing to apply the proper standard governing the particularity of the social group to which he purportedly belongs. But any such error would be harmless, *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011), because—in fact-finding that we lack jurisdiction to review, *see Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012)—the Immigration Judge determined that Lopez failed on the third prong to prove the Salvadoran government was unable or unwilling to protect him, and the BIA affirmed on that ground as well.

With respect to CAT relief, Lopez contends that the BIA violated his due process rights by failing to adequately address his arguments. Specifically, he claims that "he had no reasonable opportunity to present his case," Petitioner's Br. 37, because the BIA did not "provide any rationale justifying its denial of [his] CAT claim on acquiescence grounds," *id.* at 36. Lopez points to nothing, however, that demonstrates the BIA

4

"prevented [him] from reasonably presenting his case," and we see no such evidence in the record. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) (citation omitted). We will not recast mere disagreement with the BIA's decision as a procedural due process violation.

### B. NACARA Relief

As to NACARA relief, Lopez concedes that he could not meet the heightened criteria for aliens who are "inadmissible" because he could not establish ten years of continued physical presence in the United States immediately following his controlled-substance conviction. *See* 8 C.F.R. § 1240.66(c). The physical-presence requirement for aliens who are "not inadmissible," however, is seven years of continuous physical presence preceding the NACARA application, *see id.* § 1240.66(b), which it appears Lopez could satisfy. And Lopez claims, if permitted to apply for a concurrent waiver of inadmissibility under Section 212(h), he would be deemed "not inadmissible" and thus be subject to this less stringent requirement because Section 212(h) authorizes a waiver of inadmissibility where, as here, the controlled-substance conviction "relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h).

For its part, the Government argues that Lopez is not entitled to seek a concurrent Section 212(h) waiver, and its position finds some support in BIA precedent and the text of the relevant statutes and regulations. A Section 212(h) waiver is available only where "the Attorney General . . . has consented to the alien's applying or reapplying for" one of three forms of relief: "a visa, . . . admission to the United States, or adjustment of status." 8 U.S.C. § 1182(h)(2). And, as the BIA observed in *Matter of Y-N-P-* in interpreting an

5

analogous cancellation-of-removal provision under Section 240A of the INA, an application for cancellation of removal does not clearly fit within those three categories. *See Matter of Y-N-P-*, 26 I. & N. Dec. 10, 12–16 (2012). Instead, the BIA there determined that "adjustment of status" in Section 212(h) must refer only to applications for adjustment of status under Section 245 of the INA, not to applications for cancellation of removal under Section 240A. *See id.* at 15–16; *see also* 8 C.F.R. § 1245.1(f). The BIA also attached significance to the fact that Congress explicitly provided for the availability of a concurrent waiver under Section 237(a)(7) in connection with an application for cancellation of removal under the Special Rule for a Battered Spouse or Child, 8 U.S.C. §§ 1229b(b)(2), 1229b(b)(5). *See Matter of Y-N-P-*, 26 I. & N. Dec. at 16–17. Thus, *Matter of Y-N-P-* could be read to suggest that, unless Congress has expressly provided otherwise, a concurrent waiver under Section 212(h) is available only in connection with an application for adjustment of status under Section 245 and is unavailable in connection with an application that seeks merely cancellation of removal. *See id.* at 18–19. It could also, however, be read as discussing only applications for cancellation under Section 240A.

Here, Lopez's only pending application for relief is for cancellation of removal under Section 203(b) of NACARA,[1] so that, as the Government argues, the distinctions

---

[1] Lopez originally applied both for adjustment of status and for cancellation of removal under NACARA, but withdrew his adjustment of status application. In any event, Lopez was clearly ineligible for adjustment-of-status relief under NACARA, which is only available to nationals of Nicaragua and Cuba. *See* NACARA § 202(b)(1), 111 Stat. at 2194.

6

drawn in *Matter of Y-N-P-* between adjustment of status and cancellation of removal may pertain. As with Section 245 and Section 240A, NACARA provides for adjustment of status and cancellation of removal in separate provisions. *Compare* NACARA § 202(a), 111 Stat. at 2193 (providing for "Adjustment of Status" relief, requiring that an alien "applies for . . . adjustment," and referring to Section 245 of the INA)*, with id.* § 203(b), 111 Stat. at 2198 (providing for "Special Rule for Cancellation of Removal," largely mirroring the text of Section 240A, and specifying that adjustment of status will occur as a result of cancellation without separate application for adjustment of status). Moreover, while 8 C.F.R. § 1245.1(f) specifies that "an application under [Part 1245 of 8 C.F.R.] shall be the sole method of requesting the exercise of discretion under section[] 212 . . . (h)," an applicant for cancellation of removal under Section 203(b) must file a Form I-881, which is defined outside of Part 1245, *see* 8 C.F.R. § 1240.63(a). And although the regulations implementing NACARA explicitly speak to the concurrent availability of the Section 212(h) waiver in connection with an application for adjustment of status under Section 202 of NACARA, they do not do so with respect to Section 203(b) of NACARA. *See* 8 C.F.R. § 1245.13(c)(1) ("An applicant under section 202 of [NACARA] may also apply for one or more of the immigrant waivers of inadmissibility under section 212 of the Act . . . .").

Whatever the merits of the arguments put forward by Lopez and the Government on the availability of concurrent waiver, however, the interplay among NACARA, Section 212(h) waiver, the related regulations, and the reasoning of *Matter of Y-N-P-* has not been addressed by the BIA previously, nor did the BIA engage it here. Because we

may not "intrude upon the domain which Congress has exclusively entrusted to" the BIA by affirming on a ground other than "upon which [its] administrative order . . . was based," *SEC v. Chenery Corp.* (*Chenery I*), 318 U.S. 80, 87–88 (1943), we will grant the petition and remand for the BIA to consider the arguments presented and to articulate the reasoning underlying its decision.[2]

## III.    Conclusion

For the aforementioned reasons, we will deny the petition as to the BIA's March 3, 2017 order, will grant the petition as to the BIA's October 10, 2017 order, will vacate the October 10, 2017 order, and will remand to the BIA for proceedings consistent with this opinion.

---

[2] In view of our remand, we need not reach Lopez's claim that the BIA's explanation to date for denying him relief under NACARA was constitutionally deficient.