**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FRANCISCO GUERRERO-ROQUE,
                            *Petitioner*,

                    v.

LORETTA E. LYNCH,
U.S. Attorney General,
                            *Respondent.*

No. 14-72082

Agency No.
A090-638-308

OPINION

Petition for Review of a Decision of the
Board of Immigration Appeals

Submitted November 18, 2016[*]
San Francisco, California

Filed January 9, 2017

Before: Alex Kozinski, Ronald Lee Gilman,[**]
and Michelle T. Friedland, Circuit Judges.

Per Curiam Opinion

_____

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY[***]

### Immigration

The panel denied Francisco Guerrero-Roque's petition for review of the Board of Immigration Appeals' decision finding him ineligible for cancellation of removal because he was convicted of several crimes involving either moral turpitude or a controlled substance.

The panel held that the waiver of inadmissibility authority provided in INA § 212(h) cannot excuse convictions that bar an alien from cancellation relief under INA § 240A(b). The panel also noted that Guerrero was found inadmissible not on the grounds of his convictions but because he entered without inspection, and that the § 212(h) waiver provision consequently could not apply to his inadmissibility finding. The panel also held that Guerrero's shoplifting convictions preclude him from seeking cancellation, and declined to reach his argument that treating his possession of marijuana conviction as a bar to cancellation is arbitrary and capricious.

## COUNSEL

Seth L. Reszko, Rez Athari & Associates, Las Vegas, Nevada, for Petitioner.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Tiffany L. Walters, Trial Attorney; Jesse M. Bless, Senior Litigation Counsel; Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

PER CURIAM:

Francisco Guerrero-Roque is a native and citizen of Mexico. After he illegally entered the United States in 1980 and was deported in 1985, he returned to the United States without permission in 2003. An Immigration Judge (IJ) later determined that Guerrero was inadmissible because he had been neither admitted nor paroled into the United States, and that he was consequently subject to removal. During the pendency of his removal proceedings, Guerrero filed an application for cancellation of removal. He was deemed ineligible for such relief because he had been convicted of several crimes in the state of Washington involving either moral turpitude or a controlled substance.

Guerrero argues that he was improperly denied the opportunity to seek cancellation of removal. For the reasons set forth below, we deny Guerrero's petition for review.

I.

Two weeks after Guerrero reentered the United States without permission in 2003, the Immigration and Naturalization Service (INS) charged Guerrero with being removable as an alien present in the country without having been either admitted or paroled. *See* Immigration and Nationality Act (INA) § 212(a)(6)(A)(i), 8 U.S.C.

§ 1182(a)(6)(A)(i). An IJ found that Guerrero was subject to removal based on Guerrero's admission to the factual basis of the INS's charge.

Guerrero then applied for cancellation of removal pursuant to INA § 240A(b). Under INA § 240A(b)(1)(C), 8 U.S.C. § 1229b(b), an alien subject to an order of removal may obtain cancellation of that order only if, among other things, he "has not been convicted of an offense under section [212](a)(2)." Among the offenses listed in INA § 212(a)(2) are "a crime involving moral turpitude," and "a violation of . . . any law . . . relating to a controlled substance." Guerrero admitted in his application that he had been previously convicted of four shoplifting offenses and a marijuana possession offense in the state of Washington.

After a series of protracted hearings and appeals that are irrelevant to the disposition of this case, the IJ denied Guerrero's application for cancellation of removal in February 2013. The IJ concluded that Guerrero's four shoplifting convictions constituted crimes involving moral turpitude (a conclusion not contested by Guerrero on appeal) and that those convictions, as well as his controlled substance conviction, disqualified Guerrero from seeking cancellation of removal under INA § 240A(b). Guerrero was consequently ordered removed.

The Board of Immigration Appeals (BIA) affirmed the IJ's decision in June 2014. Grounding its decision in *Matter of Bustamante*, 25 I. & N. Dec. 564 (BIA 2011), the BIA concluded that Guerrero could not rely upon INA § 212(h) (which gives the Attorney General limited discretion to waive certain grounds of inadmissibility) to seek a waiver of his convictions for cancellation of removal purposes. This timely petition for review followed.

II.

## A. Standard of review

We typically review questions of law de novo.  *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir. 2005).

## B. Section 212(h) waivers and cancellation of removal

Guerrero asks us to hold that the waiver of inadmissibility provision in INA § 212(h) can be used to excuse the convictions that disqualify him from cancellation of removal relief under INA § 240A(b).  He concedes, however, that there is no legal authority to support his position.  We agree that no legal authority supports this position, and we hold that the waiver authority provided in INA § 212(h) does not nullify a conviction that disqualifies an alien from cancellation of removal under INA § 240A(b).

INA § 212(a)(2)(A)(i) provides in relevant part that "any alien convicted of . . . a crime involving moral turpitude . . . or . . . a violation of . . . any law . . . relating to a controlled substance . . . is inadmissible."  INA § 212(a)(2)(A)(i)(I), (II), 8 U.S.C. § 1182(a)(2)(A)(i)(I), (II).  The Attorney General, however, "may, in his discretion, waive the application of subparagraph[] (A)(i)(I) . . . of subsection (a)(2) of this section and subparagraph (A)(i)(II) of such subsection" if the alien or offense meets certain criteria.  INA § 212(h), 8 U.S.C. § 1182(h).  By referring specifically to the subsections of INA § 212 designating disqualifying offenses for admission, INA § 212(h) has the effect of excusing a prior crime involving moral turpitude or certain controlled substance convictions for purposes of *being admitted*.  *Id.*  Section 212(h) thus allows an alien whose inadmissibility determination is based on the criminal conduct specified in INA § 212(a)(2) to receive a waiver of

that ground of inadmissibility, in the Attorney General's discretion. *See, e.g.*, *Hing Sum v. Holder*, 602 F.3d 1092, 1094 (9th Cir. 2010).

Guerrero was found to be inadmissible, however, not on the grounds of his shoplifting or marijuana possession convictions (although those offenses could have served as an independent basis for such a finding), but because he entered without inspection. *See* INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). The § 212(h) waiver provision consequently does not apply to his inadmissibility finding.

Guerrero argues, however, that his right to seek a waiver under § 212(h) should apply to both INA § 212(a)(2) (as a waiver of a ground of inadmissibility) *and* § 240A(b) (as a waiver of a bar to cancellation of removal). He believes that he should be able to pursue a waiver under § 212(h) of his prior convictions, such that they would no longer disqualify him from cancellation of removal under INA § 240A(b). Guerrero's belief is derived from the fact that both INA § 240A(b) (the cancellation of removal statute) and § 212(h) (the waiver statute) refer to INA § 212(a)(2) (the disqualifying offenses for admissibility statute).

But the plain language of the cancellation of removal statute precludes this argument. Among other prerequisites, INA § 240A(b)(1)(C) provides that the Attorney General may cancel removal if the alien "*has not been convicted* of an offense under section [212](a)(2)." (Emphasis added.) If an alien has a conviction for an offense listed in INA § 212(a)(2), then he is not eligible for cancellation of removal. The statute simply does not refer to, or incorporate by reference, the inadmissibility waiver authority provided in INA § 212(h). Were we to permit the Attorney General to waive Guerrero's disqualifying convictions for cancellation of removal purposes, INA § 240A(b)(1)(C)'s

express requirement that an alien "not be[] *convicted* of an offense under [INA § 212](a)(2)" would be rendered a nullity. (Emphasis added.) As the Seventh Circuit has observed,

> the cancellation of removal provision does not reference § [212] as a whole, but rather references one distinct subsection, § [212](a)(2). Nothing in that subsection incorporates the waiver provision in § [212](h). There is no reason to believe that other provisions of the inadmissibility statutory provision were incorporated into the cancellation of removal provision, and such an interpretation is inconsistent with a plain language reading.

*Barma v. Holder*, 640 F.3d 749, 752 (7th Cir. 2011). We agree with the Seventh Circuit's analysis.

Indeed, this court came to substantially the same conclusion in *Becker v. Gonzales*, 473 F.3d 1000, 1003-04 (9th Cir. 2007), in which we held that waivers of grounds for deportability did not serve as a basis for excusing convictions for cancellation of removal. The grounds for waiver of both inadmissibility and deportability are limited in their application and may not be used to waive a conviction that bars relief under INA § 240A(b). As this court has explained in another related context, "[a] statute giving the Attorney General discretion to grant relief from *inadmissibility* does not give the Attorney General discretion to grant relief from *removal*." *Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009) (en banc).

Because the language of the cancellation of removal statute is unambiguous, "that is the end of the matter,"

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). The INA § 212(h) waiver provision may not be used to excuse convictions that bar relief under INA § 240A(b). INA § 212(h) permits the Attorney General to waive only a ground of *inadmissibility*; it cannot waive a conviction that bars cancellation of removal. Because Guerrero's shoplifting convictions preclude him from seeking cancellation of removal, we decline to reach his argument that treating a conviction for the possession of marijuana as a bar to cancellation of removal is arbitrary and capricious.

## III.

For the foregoing reasons, we **DENY** Guerrero's petition for review.