**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MATEO SANCHEZ-MARTINEZ, AKA Mateo Martinez-Sanchez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    14-72432 <br><br> Agency No. A078-259-408 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017**

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Mateo Sanchez-Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision pretermitting his application for

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not err in concluding that a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h), is not available to waive the effect of the conviction that rendered Sanchez-Martinez ineligible for cancellation of removal. *See Guerrero-Roque v. Lynch*, 845 F.3d 940, 942 (9th Cir. 2017) ("[W]e hold that the waiver authority provided in INA § 212(h) does not nullify a conviction that disqualifies an alien from cancellation of removal under INA § 240A(b).").

We lack jurisdiction to consider Sanchez-Martinez' unexhausted contentions that the IJ abused his discretion or denied due process by not granting a further continuance. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

We deny Sanchez-Martinez' motion for judicial notice and to supplement the record on appeal (Docket Entry No. 11) and grant Respondent's motion to strike exhibits from Sanchez-Martinez' opening brief (Docket Entry No. 13). *See* 8 U.S.C. § 1252(b)(4) ("[A] court of appeals shall decide the petition only on the

administrative record on which the order of removal is based[.]"); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (new evidence may be added to the record through a motion to reopen with the agency).

We deny Sanchez-Martinez' request for attorney's fees as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**