**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON SANCHEZ-CAZARES, | No. 16-72736 |
| Petitioner, | Agency No. A200-806-501 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018[**]

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Aaron Sanchez-Cazares, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal

and his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law and constitutional claims, and we review for abuse of discretion the agency's denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not err in denying cancellation of removal, where Sanchez-Cazares admitted that he was convicted of a controlled substance violation. *See Guerrero-Roque v. Lynch*, 845 F.3d 940, 941 (9th Cir. 2017) (conviction for an offense listed in 8 U.S.C. § 1182(a)(2) renders the applicant ineligible for cancellation of removal); 8 U.S.C. § 1182(a)(2)(A)(i)(II) (listing offenses related to controlled substance violations).

As Sanchez-Cazares has not applied for asylum or withholding of removal, the agency did not err in declining to consider whether his crime was particularly serious. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

The agency did not abuse its discretion or violate due process in denying for lack of good cause Sanchez-Cazares's motion for a continuance, where he was ineligible for the relief he sought. *See* 8 C.F.R. § 1003.29; *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (no good cause for continuance where relief from removal was not available); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (due process claims require showing that proceedings were "so

fundamentally unfair that the alien was prevented from reasonably presenting his case" (internal citation omitted)).

**PETITION FOR REVIEW DENIED.**